■ MICHAEL JELLEMA, Plaintiff, v 66 WEST 84TH STREET OWNERS CORP., Respondent and Third-Party Plaintiff-Respondent, et al., Defendant. SATO CONSTRUCTION, INC., Doing Business as FLAG WATERPROOFING & RESTORATION COMPANY, Third-Party Defendant-Appellant and Fourth-Party Plaintiff, et al., Fourth-Party Defendant. [669 NYS2d 550] —Judgment, Supreme Court, New York County (Edward Rath, Jr., J.), entered September 10, 1996, in favor of plaintiff laborer and against defendant and third-party plaintiff-respondent building owner in the amount of $253,371.08, and in favor of the building owner on its cause of action for indemnification against third-party defendant contractor, plaintiff's employer, unanimously affirmed, with costs. Appeal from order, same court (Carol Huff, J.), entered April 24, 1996, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

A directed verdict on the issue of the building owner's liability under Labor Law § 240 (1) was properly granted upon a finding that, as a matter of law, plaintiff's injuries were the result of a fall from an elevated level (*compare, Gramigna v Morse Diesel*, 210 AD2d 115; *Dominguez v Lafayette-Boynton Hous. Corp.*, 240 AD2d 310). A directed verdict was also properly granted in favor of the building owner on its claim for indemnification upon findings that, as a matter of law, the contractor exercised complete control over the worksite and that the building owner did not contribute in any way to the accident (*see, Carr v Perl Assocs.*, 201 AD2d 296, 297). Nor was it error to refuse a missing witness charge as to the absent treating physician, since, his notes and reports having been entered into evidence by stipulation and extensively quoted by both parties' experts and his conclusions having been concurred in by plaintiff's testifying expert, his testimony would have been cumulative (*see, Medina v Chownwai*, 211 AD2d 526). Concur—Sullivan, J. P., Rosenberger, Ellerin and Tom, JJ.