■ BRIAN KIRCHER, Respondent, v MOTEL 6 G.P., INC., Appellant. [761 NYS2d 19] —Judgment, Supreme Court, New York County (Emily Goodman, J., and a jury), entered April 9, 2002, awarding plaintiff, inter alia, $100,000 for future medical expenses and $348,000 for future pain and suffering, before structuring, unanimously affirmed, without costs.

The record does not support defendant's claim that the trial court was biased. Defendant's request for a comparative fault charge was properly denied for lack of evidence that plaintiff was negligent when he knelt down alongside a bed in defendant's motel and struck his knee on a metal bar hidden beneath the bedspread cover (see Perales v City of New York, 274 AD2d 349 [2000]). Furthermore, a subsequent injury charge (PJI3d 2:306 [2002]) was properly given where, based on a vague reference to subsequent "accident" in plaintiff's physical therapy records, defendant argued on summation that plaintiff was seeking to recover for a second, unrelated injury. The awards for future medical expenses and future pain and suffering do not deviate materially from what is reasonable compensation for a knee injury that has required three arthroscopic surgeries to treat torn ligaments and cartilage damage, will require prescription pain killers, anti-inflammatory medication and a new unloader knee brace each year for the rest of plaintiff's 50-year life expectancy at a per-brace cost of $1,200, and will likely require at least two knee replacements and associated physical therapy at a cost of $20,000 each (cf. Calzado v New York City Tr. Auth., 304 AD2d 385 [2003]; Garcia v Queens Surface Corp., 271 AD2d 277 [2000]). We have considered defendant's other arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Gonzalez, JJ.