■ CYNTHIA WARREN, Appellant, v NEW YORK PRESBYTERIAN HOSPITAL, Respondent. [931 NYS2d 297]—

The trial court properly exercised its discretion in denying plaintiff's request for a continuance, after the close of evidence,

to call an expert surgical witness. While notice of such expert witness had been given two years in advance, and the witness was present in court at the time the continuance was sought, plaintiff's counsel failed to alert the court of such fact, and the court, upon inquiry, learned that the witness was unavailable to testify the next day. Under the circumstances, plaintiff was not diligent in presenting the expert witness, and there was no offer of proof as to the materiality of the proposed expert's testimony in light of the trial record (*see Guzman v 4030 Bronx Blvd. Assoc. L.L.C.*, 54 AD3d 42 [2008]; *see also Matter of Sakow*, 21 AD3d 849 [2005], *lv denied* 7 NY3d 706 [2006]).

The jury's verdict was based upon a fair interpretation of the evidence (*see generally McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 205-206 [2004]). The evidence showed that defendant did not deviate from accepted medical practices in assigning the surgeon it did and in allowing plaintiff to undergo an open gastric bypass procedure, notwithstanding her medical history. Defendant's expert testimony established that, as of 2003, an open gastric bypass procedure was an appropriate surgical option for plaintiff, and that the medical profession's apparent transition to predominantly laparoscopic gastric bypass procedures did not occur until some years after plaintiff's procedure. Furthermore, the testimony of defendant's experts demonstrated that plaintiff was fully informed of the surgical risks, benefits and alternative treatments available. To the extent that plaintiff's evidence conflicted with defendant's proof on such issue, the jury's resolution of the disputed facts is entitled to deference (*see Bykowsky v Eskenazi*, 72 AD3d 590 [2010], *lv denied* 16 NY3d 701 [2011]).

Since plaintiff failed to timely object to the majority of the evidentiary rulings she now challenges, as well as to a portion of the court's jury charge regarding expert opinion, in arguing that she was denied a fair trial, she has not preserved those contentions for appellate review (*see e.g. Cohen v Kasofsky*, 55 AD3d 859, 860 [2008]). Were we to consider plaintiff's arguments, we would find them unavailing, because even assuming that there was merit to the claims, the cumulative effect did not deny plaintiff a fair trial (*compare Diaz v Williams*, 22 AD2d 873 [1964], *appeal dismissed* 15 NY2d 1029 [1965]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.