■ Rosalind Cole, Appellant, v Mark Johnson, D.D.S., Respondent, et al., Defendants. [934 NYS2d 131]—

In this action for dental malpractice, plaintiff alleged that defendant Johnson deviated from good and accepted dental care by placing a putty-like substance known as cavit over her tooth until a scheduled root canal could be performed.

The jury's verdict was based upon a fair interpretation of the evidence (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). Defendant submitted evidence that he did not deviate from accepted dental practices in placing the cavit, since leaving the tooth open would result in collection of additional bacteria and debris. The expert witness for defendant Gray never testified that Johnson's treatment was contraindicated or a deviation from good and accepted dental care. "To the extent that plaintiff's evidence conflicted with defendant's proof on such issue, the jury's resolution of the disputed facts is entitled

to deference" (*Warren v New York Presbyt. Hosp.*, 88 AD3d 591, 592 [2011]; *see Bykowsky v Eskenazi*, 72 AD3d 590 [2010], *lv denied* 16 NY3d 701 [2011]). Indeed, the failure to set aside the verdict and direct a new trial is an abuse of discretion only when "the jury's resolution of a factual issue is clearly at variance with the proffered testimony" (*Fisk v City of New York*, 74 AD3d 658, 659 [2010]). That is not the case here. Concur—Mazzarelli, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.