■ CARIDAD CUEVAS et al., Respondents, v ST. LUKE'S ROOSEVELT HOSPITAL CENTER, Appellant. [945 NYS2d 2]—

Order, Supreme Court, New York County (Carol E. Huff, J.), entered October 12, 2010, which, to the extent appealed from as limited by the briefs, denied defendant hospital's motion for judgment notwithstanding the verdict or a new trial on all issues, and granted the alternative relief of a new trial on damages only to the extent of ordering a new trial on damages for future pain and suffering and future loss of services unless the parties stipulated to reduce the award for future pain and suffering from $1 million to $500,000 over a period of 55 years, and for future loss of services from $200,000 to $100,000, unanimously affirmed, without costs.

The jury's verdict was supported by sufficient evidence and was not against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]). Indeed, there was sufficient evidence that defendant's anesthesiologist overstretched plaintiff's jaw during intubation, resulting in TMJ dysfunction. That the parties' experts disagreed on causation simply presented an issue for the jury, and the jury's resolution of the issue is entitled to deference (*see Feldman v Levine*, 90 AD3d 477, 478 [2011], *lv granted* 18 NY3d 809 [2012]; *Warren v New York Presbyt. Hosp.*, 88 AD3d 591, 592 [2011]).

The trial court properly refused to charge the jury with a

missing witness charge concerning one of plaintiff's doctors. The physician's notes and records had been entered into evidence by stipulation; thus, his testimony would have been cumulative (*see Jellema v 66 W. 84th St. Owners Corp.*, 248 AD2d 117 [1998]). Plaintiff's counsel's questioning of defendant's expert with respect to medical literature was not unduly prejudicial.

The reduced awards for future pain and suffering and future loss of services do not materially deviate from what is reasonable compensation (*see* CPLR 5501[c]). Plaintiff, 27 years old at the time of trial, could not open her mouth more than 15 millimeters without pain, eat without pain or cutting food into very small pieces, or kiss her husband normally, and she had to wear a mouth guard at all times, which caused her to lisp (*compare Beauvais v City of New York*, 21 Misc 3d 127[A], 2008 NY Slip Op 51920[U], *2 [2008]; *Thomas-Vasciannie v State of New York*, 14 Misc 3d 1228[A], 2006 NY Slip Op 52563[U], *13 [2006]). Concur—Friedman, J.P., Sweeny, Freedman and Román, JJ.
**[Prior Case History: 2010 NY Slip Op 32818(U).]**