■ CHRISTOPHER PEAT, Respondent, v FORDHAM HILL OWNERS CORPORATION, Appellant, and FORDHAM HILL LEASING COMPANY, Respondent, et al., Defendants. FORDHAM HILL OWNERS CORPORATION, Third-Party Plaintiff-Appellant, et al., Third-Party Plaintiff, v A. BRANTLEY FLOORING CO., Third-Party Defendant-Respondent. FORDHAM HILL LEASING COMPANY, Third-

Party Plaintiff-Respondent, et al., Third-Party Plaintiffs, v A. BRANTLEY FLOORING Co. et al., Third-Party Defendants-Respondents. (And Another Third-Party Action.) [974 NYS2d 61]—

Judgment, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered June 5, 2012, upon a jury verdict finding defendant Fordham Hill Owners Corporation (Owners) 100% liable and awarding plaintiff the principal sum of $18,681,323.19, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 19, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff was injured while refinishing the floor in an apartment in the Fordham Hill complex. The complex was owned by Owners, and the individual apartment was owned by defendant Fordham Hill Leasing Corporation (Leasing). While lacquering the floor in the apartment, the pilot light on the kitchen stove ignited the highly flammable lacquer, engulfing plaintiff in flames and causing second and third-degree burns over 50% of his body. The jury returned a verdict finding that the negligence of Owners proximately caused the accident, and that while Leasing was negligent, its negligence was not a proximate cause of the accident.

The jury's verdict finding Owners 100% liable was based upon a fair interpretation of the evidence (see generally McDermott v Coffee Beanery, Ltd., 9 AD3d 195, 206 [1st Dept 2004]). The record shows that it was Owners' responsibility to assure that the gas in the apartment was shut off prior to plaintiff undertaking his work of floor refinishing. Moreover, the jury's findings that Leasing was negligent but that its negligence was not a proximate cause of plaintiff's injuries, and that plaintiff was not comparatively negligent, were consistent and amply supported by the evidence. There exists no basis to disturb the credibility determinations made by the jury (see Haiyan Lu v Spinelli, 44 AD3d 546 [1st Dept 2007]).

Although the trial court failed to properly poll the jury prior to its discharge, the error is unpreserved in light of the failure of owners' counsel to timely object to the manner in which the court did poll the jury (see Rokitka v Barrett, 303 AD2d 983 [4th Dept 2003]).

The court properly denied Owners' request for a missing wit-

ness charge based on plaintiff not calling his treating physicians to testify. The record shows that plaintiff did call his psychiatrist and also presented the testimony of a medical expert with respect to his future medical needs. Furthermore, plaintiff's complete medical records were submitted and discussed by plaintiff's expert and thus, the testimony of the treating physicians would have been cumulative (*see Cuevas v St. Luke's Roosevelt Hosp. Ctr.*, 95 AD3d 580 [1st Dept 2012]).

The damages awarded do not materially deviate from what would be reasonable compensation under the circumstances (CPLR 5501 [c]). The record shows that plaintiff has undergone 15 surgeries, engaged in extensive physical and occupational therapies in an effort to be able to perform the most basic of life functions again, and still experiences significant depression and post-traumatic stress disorder (*see e.g. Man-Kit Lei v City Univ. of N.Y.*, 33 AD3d 467 [1st Dept 2006], *lv denied* 8 NY3d 806 [2007]; *Weigl v Quincy Specialties Co.*, 1 AD3d 132 [1st Dept 2003]). The award for future medical expenses was established with reasonable certainty (*see Beh v Jim Willis & Sons Bldrs., Inc.*, 28 AD3d 1227 [4th Dept 2006]).

We have considered Owners' remaining arguments, including the challenges to certain evidentiary rulings made by the trial court and to comments made by plaintiff's counsel on summation, and find them unavailing. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Feinman and Gische, JJ.