■ ANABELL RIVERA, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [5 NYS3d 96]—Judgment, Supreme Court, Bronx County (Edgar G. Walker, J.), entered November 8, 2013, upon a jury verdict awarding plaintiff $206,500 for past pain and suffering, $206,500 for future pain and suffering, $6,100 for past medical expenses and $87,000 for future medical expenses, unanimously modified, on the facts, to reduce the award for future medical expenses to $37,000, and otherwise affirmed, without costs.

The court correctly permitted defendant to recall a nonparty witness for the purpose of cross-examining him using his prior deposition testimony, pursuant to CPLR 3117 (a) (1). Any argument that prejudice accrued from plaintiff's counsel's commentary on the timing of this cross-examination is unpreserved, as no objection was made during plaintiff's counsel's closing argument.

In light of plaintiff's clear and unequivocal testimony that photographs taken at her request within a few days after the accident were of the stairs where she fell and fairly and accurately depicted the conditions thereat, the photographs were

properly admitted into evidence (*see Simmons v New York City Tr. Auth.*, 110 AD3d 625 [1st Dept 2013]). The court properly declined to preclude the use of X rays taken by plaintiff's testifying treating physician, where defendant was aware that the films had been taken in the months leading to trial, having been served with an updated physician's report, and was in possession of an open-ended HIPAA authorization that would have permitted defendant to obtain a copy of the films on request (*see* CPLR 4518; *Freeman v Kirkland*, 184 AD2d 331 [1st Dept 1992]).

Regarding defendant's request for a failure to mitigate charge, it failed to adduce sufficient evidence that plaintiff was at fault for failing to attend prescribed physical therapy (*see Eskenazi v Mackoul*, 72 AD3d 1012, 1014 [2d Dept 2010]). As for its request for a missing witness charge, defendant's request was untimely (*see Spoto v S.D.R. Constr.*, 226 AD2d 202 [1st Dept 1996]). Prior to the commencement of trial the parties exchanged witness lists. Defendant was aware that plaintiff would only be calling one of her two treating physicians before the trial commenced, when the court requested that the party serve witness lists. That the charge conference where the request for the missing witness charge was made was held before plaintiff formally rested does not make it timely. Furthermore, the record shows that the testimony of the subject physician would have been cumulative (*see e.g. Jellema v 66 W. 84th St. Owners Corp.*, 248 AD2d 117 [1st Dept 1998]).

Defendant is correct that no evidence was adduced by either party that plaintiff's future medical costs were expected to exceed $37,000. Since plaintiff has agreed to a reduction of the award to that amount, the judgment is reduced to the extent indicated.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.