Baptiste v RLP-East, LLC (2020 NY Slip Op 02238)





Baptiste v RLP-East, LLC


2020 NY Slip Op 02238


Decided on April 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 9, 2020

Renwick, J.P., Manzanet-Daniels, Kern, Oing, González, JJ.


10851N 102506/10

[*1] Cleofoster Baptiste, Plaintiff-Respondent, 
v
RLP-East, LLC, et al., Defendants-Appellants.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Christopher Simone of counsel), for appellants.
H. Fitzmore Harris, P.C., Bronx (Fitzmore Harris of counsel), for respondent.



Order, Supreme Court, Supreme Court, New York County (James E. D'Auguste, J.), entered May 6, 2019, which, following a jury verdict in favor of plaintiff on the issue of liability and awarding plaintiff a total sum of $3,044,038, denied defendants' motion to set aside the verdict, unanimously modified, on the law, to reduce the jury award for future medical expenses to $370,684, and otherwise affirmed, without costs.
It was error for the trial court to submit to the jury a special verdict sheet which combined all liability claims together, making it impossible to determine on which claim or claims the jury found in favor of plaintiff (see Herbert H. Post & Co. v Sidney Bitterman, Inc., 219 AD2d 214, 223 [1st Dept 1996]). The single combined question makes it theoretically possible that the jury found in favor of plaintiff solely on a violation of the Industrial Code, when such a violation in and of itself is insufficient to impart liability. While a violation of Labor Law § 240(1) in and of itself is a finding of negligence and liability, violation of a provision of the Industrial Code is only evidence of negligence, and Labor Law § 241(6) requires the additional finding that the violation showed a lack of reasonable care (see Rizzuto v Wenger Contr. Co., 91 NY2d 343, 351 [1998]; Allen v Cloutier Constr. Corp., 44 NY2d 290 [1978]).
The question is fundamentally flawed in that it makes it impossible to determine on which claim or claims the jury found in favor of plaintiff. It is for this reason that "and/or" questions are disfavored on jury verdict sheets (see Herbert H. Post & Co. v Sidney Bitterman, Inc., 219 AD2d at 223). And while the exact phrase "and/or" is not present here, the use of the word "any" effectively provided the same result. Nevertheless, the error does not require a new trial, as the evidence supported the judgment as a matter of law on plaintiff's claims pursuant to both Labor Law § 240(1) and Labor Law § 241(6). Plaintiff was injured when he was struck by a plank of wood that fell from work above, triggering Labor Law § 240(1) liability (see Greenwood v Whitney Museum of Am. Art, 161 AD3d 425, 425—426 [1st Dept 2018]). Further, the uncontroverted evidence was that plaintiff was in an area where he was exposed to falling objects, and that the pass through opening to the floor above should have been covered at the time of his accident, but was not (see 12 NYCRR 23-1.7 [a][1]). Defendants failed to offer any evidence that the Industrial Code violation was not unreasonable under the circumstances, and thus did not rebut plaintiff's entitlement to judgment as a matter of law on his Labor Law § 241(6) claim.
The special verdict sheet was not in error, however, as it was not necessary to include a provision whereby the jury would specify what injuries it found were caused by the construction accident and what injuries, if any, were caused by a subsequent bus accident. The jury was properly charged on the issue of proximate cause, and it found in plaintiff's favor (see Kircher v Motel 6 G.P., Inc., 305 AD2d 261 [1st Dept 2003]).
The trial court also erred in permitting plaintiff to call an accident reconstructionist to testify that his injuries were caused by the construction accident, and not the bus accident, since [*2]the witness was not a biomechanical engineer nor was there any evidence that he had relevant medical training (see Gomez v New York City Hous. Auth., 217 AD2d 110, 117 [1st Dept 1995]; compare Plate v Palisade Film Delivery Corp., 39 AD3d 835, 837 [2d Dept 2007]). Nevertheless, this error does not require reversal, as plaintiff proffered medical experts who testified that plaintiff's injuries were caused by the construction accident. Although defendants' experts opined that the injuries were not traumatic, but were degenerative in nature, one of defendants' medical experts conceded that plaintiff's injuries could have been caused by the type of trauma described by a witness to the construction accident.
The jury's award of future lost earnings had sufficient certainty and was adequately supported by the evidence, which included the testimony of an expert economist (see Reichman v Warehouse One, 173 AD2d 250, 252 [1st Dept 1991], lv dismissed in part, denied in part 78 NY2d 1058 [1991]).
The jury's award of future medical expenses, to the extent predicated on the continuing need for neurological treatment and pain management, was adequately supported by the evidence. Although the court struck certain portions of Dr. Krishna's report, there is sufficient evidence in the trial record that plaintiff will require neurological followup and continue to suffer future pain.
The claim was without adequate evidentiary support to the extent predicated on the need for future spinal surgery. Plaintiff's medical expert's assertion "off the top of his head" that the need for future surgery was "50/50" was insufficient to support such a claim (see Brewster v Prince Apts., 264 AD2d 611, 617 [1st Dept 1999], lv dismissed 94 NY2d 875 [2000], lv denied 94 NY2d 762 [2000]). The award should accordingly be reduced to $370,684, after subtracting the estimated cost of $54,261 for future surgery. Defendants offer no countervailing expert testimony and thus did not directly refute plaintiff's economist's testimony.
We have considered the remainder of defendants' contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 9, 2020
CLERK