Crichigno v Pacific Park 550 Vanderbilt, LLC (2020 NY Slip Op 04533)





Crichigno v Pacific Park 550 Vanderbilt, LLC


2020 NY Slip Op 04533


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-09987
 (Index No. 514436/15)

[*1]Donato Crichigno, appellant, 
v
Pacific Park 550 Vanderbilt, LLC, et al., respondents.


Jaroslawicz & Jaros PLLC (Norman E. Frowley and David Tolchin of counsel), for appellant.
London Fischer LLP, New York, NY (Brian P. McLaughlin and Virginia G. Futterman of counsel), for respondents.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated August 17, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff, a laborer employed by nonparty DiFama Concrete Inc. (hereinafter DiFama), a subcontractor, was injured while working at a construction site in Brooklyn. On the date of the accident, DiFama was working in the basement of the structure stripping from the ceiling plywood and ribs which had served as forms onto which concrete had been poured to form the ground floor of the structure. The plaintiff was assigned to collect the stripped ribs from the basement floor and deposit them into a debris box. While the plaintiff was walking through the basement, he was struck by a piece of plywood that had just been pried off the ceiling by another worker who was standing on a scaffold approximately 10 to 12 feet from where the plaintiff was located.
The plaintiff commenced several actions against the defendants to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The actions were consolidated. Following the completion of discovery, the plaintiff moved for summary judgment on the issue of liability, and the Supreme Court denied the motion.
The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability with respect to the Labor Law § 240(1) cause of action by showing that while he was working at ground level in the basement, a piece of plywood fell from an elevated height and struck him (see Rios v 474431 Assoc., 278 AD2d 399; Cosgriff v Manshul Constr. Corp., 239 AD2d 312). However, in opposition, the defendants' submissions raised a triable issue of fact as to whether the plywood that struck the plaintiff was an object that did not require securing (see Roberts v General Elec. Co., 97 NY2d 737, 738; Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268).
The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 241(6) cause of action, based upon alleged [*2]violations of 12 NYCRR 23-1.7(a)(1) and 23-3.3(g). 12 NYCRR 23-1.7(a)(1) applies to areas "normally exposed to falling material or objects." The plaintiff failed to demonstrate that the area where he was working was such an area and, therefore, whether that provision was applicable (see Moncayo v Curtis Partition Corp., 106 AD3d 963, 965; Mercado v TPT Brooklyn Assoc., LLC, 38 AD3d 732, 733). Moreover, although 12 NYCRR 23-3.3(g) requires that certain safety precautions be taken against falling debris in "other areas," the plaintiff here was not subject to falling debris from "other areas" (see Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 622). Further, the plaintiff failed to establish that installation of the safety devices in issue would not be contrary to the objectives of the work (see Salazar v Novalex Contr. Corp., 18 NY3d 134, 139-140). Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the Labor Law § 200 and common-law negligence causes of action. Where, as here, "a claim arises out of alleged defects or dangers in the methods or materials of the work, recovery . . . cannot be had under Labor Law § 200 [and for common-law negligence] unless it is shown that the party to be charged had the authority to supervise or control the performance of the work" (Ortega v Puccia, 57 AD3d 54, 61). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (id. at 62). The plaintiff's submissions failed to eliminate all triable issues of fact as to whether the defendants had the authority to supervise or control his work. Accordingly, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 200 and common-law negligence causes of action was properly denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court