Peters v Structure Tone, Inc. (2022 NY Slip Op 02518)

Peters v Structure Tone, Inc.

2022 NY Slip Op 02518

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Rodriguez, Higgitt, JJ. 

Index No. 155065/15 Appeal No. 15739 Case No. 2020-04597 

[*1]Nedroy Peters, Plaintiff-Respondent,
v
Structure Tone, Inc., et al., Defendants-Appellants.

Barry McTiernan & Moore, LLC, New York (Steven Aripotch of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 29, 2020, which, to the extent appealed from, granted plaintiff's motion for summary judgment as to liability on the Labor Law § 240(1) claim and the Labor Law § 241(6) claim insofar as predicated on Industrial Code (12 NYCRR) §§ 23-1.7(a)(1) and 23-2.5(a)(1), and denied defendants' motion for summary judgment dismissing those claims, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
Plaintiff was injured while working as a carpenter at a building owned by defendant MI NY Clock Tower, LLC and at which defendant Structure Tone, Inc. was serving as the construction manager. At the time of plaintiff's injury, he was building a platform in a shaft on the tenth floor of the building in order to frame or box out some pipe in the shaft. As the platform was nearly complete, he heard something, looked up, and was struck by "[s]mall bits of concrete, chunks of concrete," like the size of pebbles. Some of this debris struck him and got stuck in his right eye. According to his bill of particulars, a CAT scan found metal in plaintiff's right retina, and a "jagged intraocular foreign body" about five millimeters long was extracted during surgery. Since then, plaintiff alleges that he has suffered from retinal detachment and, having undergone three additional surgeries to his eye, that continuing retinal detachment is expected and that he will not regain function in his right eye.
Among the many witnesses who were deposed or gave sworn statements in connection with this case, most agreed that the debris that struck plaintiff came from the eleventh floor, where another trade had been working. Plaintiff, who had started working in the subject shaft on the second floor about six weeks before the accident and worked his way up to the tenth floor, testified that "stuff used to rain down on" him while he worked in the shaft, although he did not complain until a "chunk of concrete hit" him in the back.
On this record, neither party was entitled to summary judgment on the Labor Law § 240(1) claim. There are issues of fact as to whether the debris that fell on plaintiff — taking into account the elevation differential, the debris' weight, and the amount of force it could generate (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Runner v New York Stock Exch., Inc., 13 NY3d 599, 604-605 [2009]) — was "a load that required securing for the purposes of the undertaking at the time it fell" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]), and whether his injury was a direct consequence of defendants' "failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner, 13 NY3d at 603). The trier of fact could find that the elevation differential between plaintiff and the level from which the debris fell was de minimis, that the debris' weight was inconsequential[*2], or that the debris could not have generated any meaningful amount of force, and determine that plaintiff's "injuries were the result of [a] usual and ordinary danger[] at a construction site" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 916 [1999]; see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-99 [2015]). However, the trier of fact could determine that the elevation differential of at least one story was not de minimis, that the weight of the debris and the force it was capable of generating were significant, and that the debris should have been secured for the purpose of the undertaking. In either event, these issues preclude summary judgment on the Labor Law § 240(1) claim.
Defendants' remaining arguments concerning plaintiff's Labor Law § 240(1) claim are unavailing. Plaintiff's expert identified an absent protective device, namely planking installed in the shaft above the level at which plaintiff was working, which is the functional equivalent of overhead netting that, we have held, constitutes a protective device within the meaning of the statute (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542, [1st Dept 2022]; Hill v Acies Group, LLC, 122 AD3d 428, 429 [1st Dept 2014]). Also, plaintiff was not the sole proximate cause of his accident, as safety goggles are not a protective device within the meaning of the statute (see Shaheen v International Bus. Machs. Corp., 157 AD2d 429, 432 [3d Dept 1990]; cf. Singh v 49 E. 96 Realty Corp., 291 AD2d 216, 216 [1st Dept 2002] ["A hard hat is not the type of safety device enumerated in Labor Law § 240(1) . . . so as to give proper protection from extraordinary elevation-related risks to a construction worker"]).
Summary judgment also should have been denied to both parties on plaintiff's Labor Law § 241(6) claim predicated on Industrial Code §§ 23-1.7(a)(1) and 23-2.5(a)(1). These regulations require, respectively, "suitable overhead protection" in places that are "normally exposed to falling material or objects" and that "[a] tight covering . . . be located at a point in the shaft not more than two stories or 30 feet, whichever is less, above the level where persons are working."
As to Industrial Code § 23-1.7(a)(1), although plaintiff testified to past instances in which objects fell on him while working in the shaft, an issue of fact remains as to whether the shaft was "normally exposed to falling material or objects" within the meaning of the regulation (see Garcia v SMJ 210 W. 18 LLC, 178 AD3d 473, 473 [1st Dept 2019]; see also Roosa v Cornell Real Prop. Servicing, Inc., 38 AD3d 1352, 1354 [4th Dept 2007]). As to Industrial Code § 23-2.5(a)(1), because a covering installed at the lesser of 30 feet or two stories above plaintiff may not have protected him against the falling debris, an issue of fact remains as to whether defendants' violation of the regulation was not unreasonable under the circumstances (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348[*3], 351 [1998]; Baptiste v RLP-East, LLC, 182 AD3d 444, 445 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022