Gomez-Jimenez v 50 W. Dev., LLC (2025 NY Slip Op 05503)

Gomez-Jimenez v 50 W. Dev., LLC

2025 NY Slip Op 05503

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2021-04789
 (Index No. 501099/15)

[*1]Leonidas Gomez-Jimenez, appellant, 
v
50 West Development, LLC, et al., respondents.

Cohen & Cohen Personal Injury Lawyers, P.C., Forest Hills, NY (Albert I. Cohen and Charles Haviv of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Frederick McRoberts and Thomas Noss of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated June 17, 2021. The order, insofar as appealed from, in effect, granted those branches of the defendants' motion which were, in effect, for leave to renew and reargue that branch of their prior motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(a)(1), which had been denied in an order of the same court dated September 28, 2020, and their opposition to that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on so much of that cause of action, which had been granted in the order dated September 28, 2020, and, upon renewal and reargument, vacated those portions of the order dated September 28, 2020, and thereupon, granted that branch of the defendants' prior motion and denied that branch of the plaintiff's prior cross-motion.
ORDERED that the order dated June 17, 2021, is modified, on the law, by deleting the provision thereof, upon renewal and reargument, vacating so much of the determination in the order dated September 28, 2020, as denied that branch of the defendants' prior motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(a)(1), and thereupon, granting that branch of the defendants' prior motion, and substituting therefor a provision, upon renewal and reargument, adhering to the original determination in the order dated September 28, 2020, denying that branch of the defendants' prior motion; as so modified, the order dated June 17, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, a laborer for DiFama Concrete, Inc. (hereinafter DiFama), a subcontractor, allegedly was injured while working at a construction site in Manhattan. DiFama's employees were working in the lobby of a building, stripping plywood from the ceiling. The plaintiff was tasked with sweeping debris from the floor while the ceiling was being stripped. While completing this task, the plaintiff was struck by a piece of plywood that had just been pulled off the ceiling by another worker standing on a scaffold above the plaintiff. The piece of plywood fell approximately 13 to 14 feet and struck the plaintiff in the chest.
The plaintiff commenced this action against the defendants to recover damages for [*2]personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendants moved for summary judgment dismissing the complaint. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability. In an order dated September 28, 2020, the Supreme Court, inter alia, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 240(1). The court also granted that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(a)(1) and denied that branch of the defendants' motion which was for summary judgment dismissing so much of that cause of action.
The defendants thereafter moved, among other things, in effect, for leave to renew and reargue that branch of their prior motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(a)(1) and their opposition to that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on so much of that cause of action. In an order dated June 17, 2021, the Supreme Court, inter alia, in effect, granted those branches of the defendants' motion which were, in effect, for leave to renew and reargue, and, upon renewal and reargument, vacated so much of the determination in the order dated September 28, 2020, as denied that branch of the defendants' prior motion and granted that branch of the plaintiff's prior cross-motion, and thereupon, granted that branch of the defendants' prior motion and denied that branch of the plaintiff's prior cross-motion. The plaintiff appeals.
The Supreme Court properly, in effect, granted those branches of the defendants' motion which were, in effect, for leave to renew and reargue that branch of their prior motion which was for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(a)(1) and their opposition to that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on so much of that cause of action (see CPLR 2221[d], [e]; Deutsche Bank Natl. Trust Co. v Futerman, 232 AD3d 656, 661; Crichigno v Pacific Park 550 Vanderbilt, LLC, 186 AD3d 664, 664). Furthermore, upon renewal and reargument, the court properly vacated so much of its original determination as granted that branch of the plaintiff's prior cross-motion which was for summary judgment on the issue of liability on so much of that cause of action, and thereupon, denied that branch of the plaintiff's prior cross-motion (see Crichigno v Pacific Park 550 Vanderbilt, LLC, 186 AD3d at 664). However, upon renewal and reargument, the court should have adhered to so much of its original determination as denied that branch of the defendants' prior motion which was for summary judgment dismissing so much of that cause of action (see Roosa v Cornell Real Prop. Servicing, Inc., 38 AD3d 1352, 1354).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or a claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Flores v Fort Green Homes, LLC, 227 AD3d 672, 674 [internal quotation marks omitted]). "A cause of action alleging a violation of Labor Law § 241(6) predicated upon a violation of . . . 12 NYCRR 23-1.7(a)(1) requires the plaintiff to demonstrate that 'the area in which the plaintiff was injured was one where workers are normally exposed to falling objects'" (id., quoting Portillo v Roby Anne Dev., LLC, 32 AD3d 421, 422).
Here, the defendants failed to demonstrate their entitlement to judgment as a matter of law dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(a)(1). The evidence submitted by the defendants demonstrated the existence of a triable issue of fact as to whether 12 NYCRR 23-1.7(a)(1) was applicable to the facts of this case, in that the evidence demonstrated the existence of a triable issue of fact as to whether the area where the plaintiff's accident occurred was "normally exposed to falling materials or objects" (Peters v Structure Tone, Inc., 204 AD3d 522, 524 [internal quotation marks omitted]; Garcia v SMJ 210 W. 18 LLC, 178 AD3d 473, 473 [internal quotation marks omitted]; cf. Flores v Fort Green Homes, LLC, 227 AD3d at 674; Crichigno v Pacific Park 550 [*3]Vanderbilt, LLC, 186 AD3d at 664).
The parties' remaining contentions are not properly before this Court.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court