Lewis v Ganesh (2025 NY Slip Op 05745)

Lewis v Ganesh

2025 NY Slip Op 05745

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ.

Index No. 24992/18|Appeal No. 4965|Case No. 2024-02453|

[*1]Carol R. Lewis, Plaintiff-Respondent,

v

Parasnauth Ganesh et al., Defendants-Appellants.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Laurel A. Wedinger of counsel), for appellants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered March 14, 2024, upon a jury verdict, to the extent appealed from as limited by the briefs, awarding plaintiff the principal sums of $600,000 for past pain and suffering, $400,000 for future pain and suffering, and $300,000 for future medical expenses, and bringing up for review a trial ruling, same court and Justice, rendered July 14, 2023, which granted plaintiff's motion in limine to limit the testimony of defendants' expert biomechanical engineer, unanimously affirmed, without costs.

To the extent defendants seek review of Supreme Court's decision to preclude their expert biomechanical engineer from opining as to medical causation, the record on appeal is "inadequate to enable this Court to reach an informed determination on the merits" (Matter of Jamila-Kai M.R. v Lonnie L.M., 237 AD3d 553, 553-554 [1st Dept 2025]). The court rendered its decision on the record and did not elaborate as to its rationale for granting plaintiff's motion in limine. Defendants did not make a record at that time, nor did they make a posttrial motion pursuant to CPLR 4404, setting forth the court's reasoning or their position in opposition to plaintiff's motion. Thus, defendants failed to make clear on the record — either before, during, or after trial — as to why the court precluded their expert biomechanical engineer from opining as to medical causation. In any event, defendants had other medical experts who opined, as the biomechanical engineer would have, that the forces generated in the accident were not sufficient to cause plaintiff's claimed injuries (see De La Rosa v Nelson Ave. Holdings, 199 AD3d 513, 514 [1st Dept 2021]; Baptiste v RLP-East, LLC, 182 AD3d 444, 446 [1st Dept 2020]).

As a result of the accident, plaintiff — who was 62 years old at the time — alleged that he sustained disc bulges and herniations in his cervical and lumbar spine; a full-thickness rotator cuff tear and partial glenoid labrum tear in his right shoulder, requiring arthroscopic surgery; and a SLAP tear of the superior glenoid labrum in the left shoulder, also requiring arthroscopic surgery. On this record, the jury's awards of $600,000 for past pain and suffering over a period of about 5.85 years (just over $100,000 per year) and $400,000 for future pain and suffering over a period of 14.6 years (slightly more than $25,000 per year) do not deviate materially from what is reasonable compensation (CPLR 5501 [c]; cf. Rubio v New York City Tr. Auth., 99 AD3d 532 [1st Dept 2012]; Bernstein v Red Apple Supermarkets, 227 AD2d 264 [1st Dept 1996], lv dismissed 89 NY2d 961 [1997]).

Contrary to defendants' argument, plaintiff established his future medical expenses with the requisite degree of reasonable certainty through the testimony of his treating orthopedic surgeon, who "testified to each of the treatments that plaintiff would require, explained why [ ]he would require them, and approximated their cost" (Morrobel v Alicea, 236 AD3d 571, 572 [1st Dept 2025]). It was within the jury's province to credit this testimony in making its award for future medical expenses (see id. at 572-573; Greenidge v Steele, 233 AD3d 477, 477 [1st Dept 2024]). The orthopedic surgeon's occasional references to what treatment plaintiff was "more than likely" to need, or how his condition would "most likely" unfold, did not undermine the reasonable degree of medical certainty of his overall testimony.

Finally, defendants' argument that certain remarks by plaintiff's counsel during summations require a new trial is not preserved for our review because defendants neither objected to those remarks (see CPLR 5501 [a] [3]; Rivera v Port Auth. of N.Y. & N.J., 127 AD3d 415, 415 [1st Dept 2015]) nor moved for a mistrial based on those remarks (see Drapper v Horan, 235 AD3d 584, 585 [1st Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 16, 2025