■ MARY PLATE, Respondent, v PALISADE FILM DELIVERY CORP., et al., Appellants. [835 NYS2d 324]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Queens County (Hart, J.), dated November 11, 2005, which, upon granting the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issues of causation and serious injury, made at the close of evidence, is in favor of the plaintiff and against them in the principal sum of $2,000,000.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law is denied, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

This action arises from a two-car collision occurring on February 25, 2002, wherein an Isuzu box truck owned by the defendant Palisade Film Delivery Corp. and operated by the defendant Douglas Lieberman, struck the plaintiff's car from behind, at an intersection in Long Island City. The evidence presented at trial revealed that the plaintiff had been involved in a motor vehicle accident in 1997 and had undergone two cervical discectomies prior to the subject accident (one in 1998, the other in 2001) to treat the injuries sustained in the earlier accident. The plaintiff commenced this action against the defendants, and a trial ensued.

At the close of evidence, the Supreme Court granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law on the issues of causation and serious injury. A trial court's grant of a motion pursuant to CPLR 4401 for judgment as a matter of law is appropriate only where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; Tapia v Dattco, Inc., 32 AD3d 842 [2006]). In considering the motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Szczerbiak v Pilat, supra at 556; see Hand v Field, 15 AD3d 542, 543 [2005]). Based upon the trial testimony of the parties' medical experts, the jury could have rationally found in favor of the nonmovants on the issues of causation and serious injury.

The Supreme Court erred in its determination that the defendants' biomechanical engineering expert was not qualified to testify regarding whether the force of the impact in the subject accident could have caused a serious injury or exacerbated a preexisting injury to the plaintiff's cervical spine and in precluding that testimony (*see Borawski v Huang*, 34 AD3d 409 [2006]; *Moon Ok Kwon v Martin*, 19 AD3d 664 [2005]). This testimony could have affected the amount of the damages awarded.

Therefore, the Supreme Court erred in granting the plaintiff's motion, and a new trial is warranted. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.