■ Jose Crespo et al., Appellants, v Pablo E. Aparicio et al., Respondents. [872 NYS2d 525]—

In an action to recover damages for personal injuries, the plaintiffs, Jose Crespo, Adonis Segovia, and Rutilio Segovia, appeal from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated September 13, 2007, which granted those branches of the motion of the defendant Pablo E. Aparicio and the separate motion of the defendants Steven D. Sebastopoli and S.A. Sebastopoli which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Jose Crespo and Adonis Segovia on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Rutilio Segovia is dismissed, as that plaintiff is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiffs Jose Crespo and Adonis Segovia, on the law, and those branches of the motion of the defendant Pablo E. Aparicio and the separate motion of the defendants Steven D. Sebastopoli and S.A. Sebastopoli which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Jose Crespo and Adonis Segovia on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs Jose Crespo and Adonis Segovia payable by the respondents appearing separately and filing separate briefs.

The Supreme Court properly determined that the defendants, who relied on the same submissions in support of their respective motions, met their prima facie burdens by showing that neither the plaintiff Jose Crespo nor the plaintiff Adonis Segovia (hereinafter together the plaintiffs) sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

However, the Supreme Court should have denied the motions because, in opposition to the defendants' prima facie showing, the plaintiffs raised triable issues of fact. The respective affirmations of Dr. Jose Perez, one of the plaintiffs' treating physicians, revealed significant range of motion limitations in their respective lumbar and cervical spines based on objective range

of motion testing following both contemporaneous and recent examinations of the plaintiffs. Moreover, in his affirmations, Dr. Perez properly noted the findings contained in the plaintiffs' respective magnetic resonance imaging reports concerning their cervical and lumbar spines, and reviewed those films personally, which revealed, inter alia, that Crespo had disc bulges at C5-6, L3-4 and L5-S1, and Adonis had disc hernations at C3-4 through C6-7 and at L3-4 through L5-S1. Dr. Perez concluded, in his affirmations, that the injuries to the plaintiffs' respective cervical and lumbar spines were the result of the subject accident, and were permanent. Dr. Perez opined that the injuries to the plaintiffs amounted to significant limitations of use of their respective lumbar and cervical spines. Thus, the affirmations of Dr. Perez were sufficient to raise triable issues of fact as to whether the plaintiffs sustained permanent consequential or significant limitations of use of their respective cervical and lumbar spines as a result of the subject accident (*see Prescott v Amadoujalloh*, 55 AD3d 584 [2008]; *Altreche v Gilmar Masonry Corp.*, 49 AD3d 479 [2008]; *Lim v Tiburzi*, 36 AD3d 671 [2007]). In his affirmations, Dr. Perez also addressed the findings of the defendants' examining radiologist, and disagreed with that expert's findings, specifically of the existence of degeneration.

Dr. Perez also adequately explained any significant gaps in the plaintiffs' respective treatment histories (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]), stating that the plaintiffs stopped treatment when they did because both had reached their maximum medical benefit from their treatments at those times. Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur. [*See* 2007 NY Slip Op 32931(U).]