In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Asarch, J.), entered November 30, 2011, which granted the defendant’s cross motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and denied, as academic, her motion for summary judgment on the issue of liability, and (2), as limited by her brief, from so much of an order of the same court dated May 22, 2012, as, upon renewal, adhered to the original determination.
Ordered that the appeal from the order entered November 30, 2011, is dismissed, as that order was superseded by the order dated May 22, 2012, made upon renewal; and it is further,
Ordered that the order dated May 22, 2012, is reversed insofar as appealed from, on the law, upon renewal, the defendant’s cross motion for summary judgment dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Nassau County, to determine the plaintiff’s motion for summary judgment on the issue of liability; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiffs spine and to the plaintiffs left shoulder did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). The defendant also established, prima facie, that the alleged injuries to the plaintiffs left shoulder were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 786 [2011]). Finally, the de *1040 fendant established, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Karpinos v Cora, 89 AD3d 994, 995 [2011]).
In opposition, however, the plaintiff submitted evidence raising triable issues of fact as to whether she sustained serious injuries to the cervical region of her spine and to her left shoulder (see Perl v Meher, 18 NY3d 208, 218-219 [2011]), and as to whether the injuries to her left shoulder were caused by the subject accident (see Crespo v Aparicio, 59 AD3d 384, 385 [2009]). Thus, the Supreme Court should have denied the defendant’s cross motion for summary judgment dismissing the complaint.
In light of our determination, we remit the matter to the Supreme Court, Nassau County, to determine the plaintiffs motion for summary judgment on the issue of liability on the merits
(see Alvarez v Dematas, 65 AD3d 598 [2009]).
Dillon, J.E, Hall, Roman and Cohen, JJ., concur.