Vega v Metropolitan Transp. Auth. (2023 NY Slip Op 00403)

Vega v Metropolitan Transp. Auth.

2023 NY Slip Op 00403

Decided on January 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 31, 2023

Before: Renwick, J.P., Webber, Moulton, González, Rodriguez, JJ. 

Index No. 154608/16, 595981/17 Appeal No. 17126 Case No. 2021-03946 

[*1]Carlos Vega, et al., Plaintiffs-Respondents,
v
Metropolitan Transportation Authority, et al., Defendants-Appellants, Tishman Construction Corporation, et al., Defendants. (And a Third-Party Action.)

Bleakley Platt & Schmidt, LLP, New York (Justin M. Gardner of counsel), for appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondents.

Order, Supreme Court, New York County (Erika Edwards, J.), entered October 7, 2021, which, to the extent appealed from as limited by the briefs, denied the branch of the motion of defendants Metropolitan Transportation Authority and MTA-Metro North Railroad (together, MTA defendants) for summary judgment dismissing the Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff and his fellow concrete laborers were directed to move a section of steel track rail that measured approximately 15 to 18 feet in length and weighed several hundred pounds so as to be able to dig holes and pour concrete footings beneath the track rail at Grand Central Station in Manhattan. The MTA defendants owned and/or controlled the premises. As the laborers lacked equipment to readily move the rail section, they improvised by taking small sections of cut aluminum electrical pipe measuring 4 to 6 inches in diameter and placed the pipe pieces beneath the rail by using a crowbar to lift the rail. The laborers then bound rebar wire around another small piece of pipe before threading the wire through an eyelet hole at one end of the rail to create a handle by which to pull the rail with the intent to move it along the roller-like pieces of cut pipe beneath it. Plaintiff and a coworker then attempted to move the rail using the makeshift pipe-handle while another worker stood at the other end of the rail using the crowbar as a leveraging device to push the rail forward in the direction of the workers at the front of the rail. Suddenly, the makeshift handle gave way, either due to the wires breaking, or as a consequence of the pipe-handle having slipped through the wire that bound it to the end of the rail. Plaintiff fell backwards in the process, striking his head and body against a pile of cut rails, injuring himself.
When reviewing a motion for summary judgment, we must view the evidence in the light most favorable to the nonmoving party, including drawing all reasonable inferences in favor of the nonmoving party (see e.g. Matter of Eighth Jud. Dist. Asbestos Litig., 33 NY3d 488, 496 [2019]). Here, the record presents triable issues of fact as to whether the laborers were engaged in some lifting of the rail as they tried to move it; whether the rail required securing to move it safely; whether a safety device of the kind enumerated in Labor Law § 240(1) was warranted and usable in the track area in question; and whether plaintiff's injuries were a direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential (see generally Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1 [2011]; Greene v Raynors Lane Prop. LLC, 194 AD3d 520 [1st Dept 2021]; Palermo v 7 W. 21 LLC, 192 AD3d 560 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 31, 2023