Osorio v Punjab Enter. Inc. (2023 NY Slip Op 01963)

Osorio v Punjab Enter. Inc.

2023 NY Slip Op 01963

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 27473/17E Appeal No. 61 Case No. 2022-02683 

[*1]Marleny Osorio, Plaintiff-Respondent,
v
Punjab Enterprise Inc. et al., Defendants-Appellants, Maria Agramonte et al., Defendants.

Molod Spitz & DeSantis, P.C., New York (Murad Sardar of counsel), for appellants.
Law Offices of Michael Jerome Dallas, New York (Michael Jerome Dallas of counsel), for respondent.

Order, Supreme Court, Bronx County (Veronica G. Hummel, J.), entered June 8, 2022, which denied defendants Punjab Enterprises Inc., Eagle Tank Line LLC, and Mahamadou Sylla's (defendants) motion for summary judgment dismissing the complaint based on plaintiff's inability to demonstrate that she sustained a serious injury to her cervical spine and right knee within the meaning of Insurance Law § 5102(d), unanimously modified, on the law, without costs, to grant defendant's motion to dismiss plaintiff's claim for injury to her right knee, and otherwise affirmed. 
Plaintiff, who was 17 years old at the time of the accident, alleges she sustained aggravation of a preexisting right knee injury and cervical spine injuries as a result of a motor vehicle accident on April 9, 2015. As for the knee injury, plaintiff's expert failed to explain why the preexisting conditions documented in plaintiff's medical records were not the cause of her symptoms or the extent of any exacerbation caused by the accident (see Thompson v Bronx Merchant Funding Servs., LLC, 166 AD3d 542, 543 [1st Dept 2018]).
As to the cervical spine injury, defendants met their prima facie burden by submitting the report of a radiologist who found that plaintiff's post-accident MRI showed only minor degenerative changes which were chronic, and not causally related to the accident (see Acevedo v Grayline N.Y. Tours, Inc., 204 AD3d 597, 598 [1st Dept 2022]; Grate v Rodrigues, 179 AD3d 440, 441 [1st Dept 2020]), as well as a biomechanical expert who opined that that the low impact of the subject accident would not have caused plaintiff's claimed injuries (see Holmes v Brini Tr. Inc., 123 AD3d 628, 628 [1st Dept 2014]). They also argued that plaintiff had unexplained gaps in treatment, including over a year between completion of physical therapy and the time she next saw a doctor for her neck condition (see Pommells v Perez, 4 NY3d 566 [2005]).
In opposition, plaintiff raised an issue of fact through the affirmed MRI report of her radiologist finding bulging discs impinging on the thecal sac shortly after the accident in 2015, and the opinion of her treating physician that the disc pathology of the 17 year old plaintiff, shown on the post-accident MRI of May 2015, and subsequent cervical discectomy and spinal fusion at the affected levels, were causally related to the accident (Wenegieme v Harriot, 157 AD3d 412 [1st Dept 2018]; Yuen v Arka Memory Cab Corp., 80 AD3d 481, 483 [1st Dept 2011]). Furthermore, although plaintiff never ceased treatment, she provided a reasonable explanation for her brief gap in treatment (Nwanji v City of New York, 190 AD3d 510, 511 [1st Dept 2021]; Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907 [2013]). Finally, to the extent that some of the medical records submitted by plaintiff were not in admissible form, it was proper for the motion court to consider them as they were not the sole basis for plaintiff's opposition to summary judgment (Gomez [*2]v Davis, 146, AD3d 456, 457 [1st Dept 2017]; Long v Taida Orchids, 117 AD3d 624, 625 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023