| |
|---|
| **Rodriguez v Madyun** |
| 2025 NY Slip Op 30587(U) |
| February 20, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156063/2022 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. JAMES G. CLYNES</u>       PART          39

                           *Justice*

-------------------------------------------------------------------X

JOSE RODRIGUEZ,                     INDEX NO.     <u>156063/2022</u>

                    Plaintiff,          MOTION DATE    <u>05/09/2024</u>

                - v -                   MOTION SEQ. NO.    <u>001</u>

ASMAR H. MADYUN, SCOTT J. PALAZZOLO, and
BEMYDD, LLC a/k/a DRYVER,            **DECISION + ORDER ON**
                                        **MOTION**
                  Defendants.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 37, 38, 39, 40, 41, 42, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for          <u>JUDGMENT - SUMMARY</u> .

      In this negligence action, defendant BEMYDD, LLC a/k/a DRYVER (BEMYDD) moves for an order granting summary judgment dismissing the complaint as against it (NY St Cts Elec Filing [NYSCEF] Doc Nos. 37-42). In the alternative, BEMYDD moves for an order granting it conditional summary judgment as against defendants Asmar H. Madyun (Madyun) and Scott J. Palazzolo (Palazzolo). Plaintiff Jose Rodriguez (Rodriguez) opposes the motion (NYSCEF Doc Nos. 50-56). Madyun and Palazzolo, who are represented by the same counsel, also oppose the motion (NYSCEF Doc Nos. 62-63). For the reasons set forth below, the motion is denied.

## I. Pertinent Background

      On June 14, 2022, Rodriguez, a then 69-year old man, was allegedly lawfully crossing Lexington Avenue at the intersection of East 96th Street when he was hit by a vehicle owned by Palazzolo and driven by Madyun (NYSCEF Doc No. 39, supplemental summons and amended complaint at 7-12). At that time, Madyun was allegedly employed by BEMYDD and operating the vehicle within the scope of his employment. In their joint answer, Madyun and Palazzolo deny material allegations and assert several affirmative defenses (NYSCEF Doc No. 40). However, they do not deny that Palazzolo owned the vehicle at the time of the accident and that Madyun was operating the vehicle when the accident occurred. In its answer, BEMYDD denies material

[* 1]

allegations, asserts several affirmative defenses, and asserts a cross-claim against its co-defendants for common-law indemnification and/or contribution (NYSCEF Doc No. 41).

In its Statement of Material Facts (SOMF), BEMYDD states that it is a referral service that connects vehicle owners with drivers, that Palazzolo ordered a driver on June 14, 2022, and that BEMYDD assigned Madyun to that order (NYSCEF Doc No. 38). Rodriguez generally denies the statements contained in BEMYDD's SOMF (NYSCEF Doc No. 50, counsel's affirmation). Rodriguez also submits an SOMF, wherein he describes BEMYDD as "a designated driver service that provides drivers for clients' vehicles" (*id.*, SOMF at 2).

## II. Standard of Review

Courts must grant a summary judgment motion "if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR § 3212 [b]). Courts must deny the motion if the opposing parties "show facts sufficient to require a trial of any issue of fact" (*id.*). In making this determination, courts "must view the evidence in the light most favorable to the nonmoving part[ies], including drawing all reasonable inferences in favor of the nonmoving part[ies]" (*Vega v Metropolitan Transp. Auth.,* 212 AD3d 587, 588 [1st Dept 2023]).

## III. Discussion

"The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment" (*RJC Realty Holding Corp. v Republic Franklin Ins. Co.,* 2 NY3d 158, 164 [2004] [citation omitted]). "The general rule is that a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (*Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]). "The primary justification for this rule is that one who employs an independent contractor has no right to control the manner in which the work is to be done and, thus, the risk of loss is more sensibly placed on the contractor" (*Brothers v New York State Elec. & Gas Corp.,* 11 NY3d 251, 257-258 [2008] citing *Kleeman* at 274 [internal quotation marks omitted]). Thus, to determine whether an employment relationship exists, courts must examine "the degree of control exercised by the purported employer over the results produced or the means used to achieve the results" (*Brielmeier v Leal*, 226 AD3d 955, 956-957 [2d Dept 2024] citing *Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]). To assess the degree of control, courts consider a variety of factors, including "whether the worker (1) worked at his own convenience, (2) was free to engage

**156063/2022  RODRIGUEZ, JOSE vs. MADYUN, ASMAR H ET AL**
**Motion No.  001**

Page 2 of 6

2 of 6

in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog,* 1 NY3d 193 at 198). This assessment "is fact sensitive and often presents a question for the trier of fact" *(Hernandez v Chefs Diet Delivery, LLC*, 81 AD3d 596, 598 [2d Dept 2011]).

In support of its motion, BEMYDD submits an affirmation from Alexa Milkovich who avers that she "was the Chief Operating Officer of Dryver from November 27, 2022 to March 4, 2024" and is currently an officer at Jeevz, a company that acquired Dryver (NYSCEF Doc No. 42 ¶ 2). Milkovich asserts that BeMyDD, LLC d/b/a Dryver (sued in this action as BEMYDD, LLC a/k/a DRYVER) "is a referral service that provides clients with personal chauffer and designated driver services to operate the clients' vehicles" (*id.* ¶ 3). She claims that the company "was not the owner of the vehicle alleged to have been involved in the accident" and "is not responsible for the manner in which that vehicle was operated" (*id.* ¶ 12).

Attached to Milkovich's affirmation are copies of the Customer Terms and Conditions (customer contract) and the Driver Terms and Conditions (driver contract) that were set forth on the company's websites and mobile application (NYSCEF Doc No. 42, Attachment Nos. 1 and 2). Also attached are copies of screenshots from BEMYDD's platform, offered as proof that Palazzolo accepted the customer contract in February 2019 and Madyun accepted the driver contract in April 2015 (*see* NYSCEF Doc No. 42 at 19, 32-33). According to Milkovich, the customer contract specifies that the company does not provide insurance coverage for a customer's vehicle and will not make payments for damages sustained from an accident that involved a customer's vehicle. Moreover, Milkovich stresses that the driver contract designates a driver as an independent contractor and not as an employee of BEMYDD.

Thus, BEMYDD's counsel argues that the doctrine of respondeat superior does not apply to this action (NYSCEF Doc No. 37, notice of motion and counsel's affirmation). Counsel reiterates that BEMYDD did not own or control the subject vehicle and asserts that Madyun did not perform driving services for the company's direct benefit. Counsel also contends that BEMYDD had no duty to Rodriguez as he was not a party or a beneficiary to the contracts. In sum, counsel argues that BEMYDD cannot be held vicariously liable for the negligence, if any, of its co-defendants.

In opposition, the opponents of the motion raise issues of fact about whether BEMYDD exercised sufficient control over Madyun such that it could be held vicariously liable for any

**156063/2022 RODRIGUEZ, JOSE vs. MADYUN, ASMAR H ET AL**
**Motion No. 001**

Page 3 of 6

3 of 6

[* 3]

negligence on Madyun's part. Rodriguez's counsel provides a long list of indicia to demonstrate that BEMYDD exercised the requisite control, noting that the indicia was gleaned from the driver's contract and Milkovich's affidavit.[1] The indicia includes BEMYDD's requirement that drivers accept the company's terms before it grants them access to the company's platform, BEMYDD's requirement that drivers follow the company's rules of conduct, BEMYDD's requirement that drivers wait at least 15 minutes for a customer to arrive, and BEMYDD's requirement that drivers notify the company of an accident. Pursuant to the contract, BEMYDD sets and calculates the price a customer pays, BEMYDD collects the customer's payment, and BEMYDD pays a driver by direct deposit within 14 days of the customer's payment. Before paying the driver, BEMYDD deducts a background check fee and a maintenance fee. The contract states that the company has "the complete right to withhold or refuse payment to any [d]river in partial, or full, and may do so for whatever reason and at any time" (NYSCEF Doc. No. 50, counsel's affirmation ¶ 25 quoting NYSCEF Doc No. 42, driver's contract at 24).[2] The contract further provides that BEMYDD has "the right to withhold all or any part of the compensation then owing to such [d]river for prior services performed as liquidated damages" when a driver does not "follow through" with a service (*id.* ¶ 19 quoting NYSCEF Doc No. 42, driver's contract at 24).[3] Also, the contract gives BEMYDD the right to terminate a driver's access to the platform at its discretion, prohibits a driver from accepting a driving job from a BEMYDD customer (when offered outside BEMYDD's platform), and requires the driver to inform BEMYDD of any such offer.

*Devlin v City of New York* (254 AD2d 16 [1st Dept 1998]), cited by counsel for Madyun and Palazzolo, is instructive on the issue of control. There, the First Department affirmed the denial of a summary judgment motion in an action premised on the alleged negligence of two drivers who worked for Charge A Ride and Car Company, Inc., a car dispatch company (*id.* at 16). Questions of fact remained as to whether the drivers were company employees or independent contractors (*id.*). The record established, among other things, that the company requires drivers to drive Lincoln Town Cars with certain specifications, wear a shirt and a tie, and follow the company rules and bylaws.[4] Further, the company selects which driver picks up which customer, can revoke

---

[1] This decision does not recite the full list of indicia listed in counsel's affirmation.

[2] Counsel's quotation of the contract contains minor errors. For accuracy, the court quotes directly from the driver's contract.

[3] Counsel's quotation of the contract contains one minor error. Again, for accuracy, the court quotes directly from the driver's contract.

[4] This decision does not recite the full list of indicia discussed in the *Devlin* decision.

**156063/2022  RODRIGUEZ, JOSE vs. MADYUN, ASMAR H ET AL**
**Motion No.  001**

**Page 4 of 6**

4 of 6

[* 4]

a driver's membership, manages the customer accounts, and pays drivers via company checks after the deduction of its commission (*id.*). While the *Devlin* indicia are not identical to the indicia present in this action, both raise questions of fact as to whether a driver is an independent contractor or a company employee.

Further support for this conclusion can be found in *Uy v A. Hussein* (186 AD3d 1567 [2d Dept 2020]), a decision cited by counsel for Rodriguez. There, the Second Department affirmed the denial of a summary judgment motion in a pedestrian's negligence action (*id.* at 1568). Relevant here is the pedestrian's allegation that he was hit by a vehicle driven by an alleged employee of Uber Technologies, Inc. (Uber) (*id.*). The Second Department found that the averments made by an Uber representative and the driver that he "had logged off of the Uber app 40 minutes before the accident were simply insufficient, without more, to eliminate all questions of fact as to whether [the driver] was acting within the scope of his alleged employment with Uber at the time of the incident" (*id.* at 1570). Similarly, in the instant action, the averments made by Milkovich and the indicia of control set forth in the driver contract do not eliminate all questions of fact as to whether Madyun was acting within the scope of his alleged employment with BEMYDD at the time of the accident. Indeed, the designation of a driver as an independent contractor in the driver contract "is not dispositive on the issue of control, but is a factor to be weighed with others" (*Carlson v American Intl. Group, Inc.*, 30 NY3d 288, 301 [2017]).

The court next turns to the branch of the motion for conditional summary judgment against Madyun and Palazzolo for indemnification. BEMYDD's counsel frames the argument in terms of contractual and common-law indemnification. However, BEMYDD's cross-claim is solely for common-law indemnification and/or contribution (*see* NYSCEF Doc No. 41 at 5). Additionally, in the reply affirmation, BEMYDD's counsel mistakenly states that this branch of the motion is unopposed (NYSCEF Doc No. 65). However, in the co-defendants' opposition, counsel posits that "[s]ince liability has not been properly adjudicated, indemnification, if applicable, would only apply upon conclusion of a trial by jury" (NYSCEF Doc No. 62 ¶ 23). The court agrees (*see Nasuro v PI Assoc., LLC*, 49 AD3d 829, 832 [2d Dept 2008] ["Where a defendant's alleged liability is purely statutory and vicarious, conditional summary judgment in that defendant's favor on the basis of common-law indemnification is premature absent proof, as a matter of law, that [the party from whom indemnification is sought] was negligent…" [internal quotation marks and citation omitted]).

156063/2022 RODRIGUEZ, JOSE vs. MADYUN, ASMAR H ET AL
Motion No. 001

Page 5 of 6

[* 5]

## CONCLUSION and ORDER

The court has considered the parties' remaining contentions and finds them unavailing. Accordingly, it is

ORDERED that defendant BEMYDD, LLC a/k/a DRYVER's motion is denied in its entirety; and it is further

ORDERED that within 30 days of entry, counsel for defendant BEMYDD, LLC a/k/a DRYVER shall serve a copy of this decision and order, with notice of entry, upon all parties; and it is further

ORDERED that counsel are directed to appear for a previously scheduled status conference on February 24, 2025 at 2:00 p.m., in room 103 at 80 Centre Street, New York, New York.

This constitutes the decision and order of the court.

| 2/20/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **JAMES G. CLYNES** |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**156063/2022   RODRIGUEZ, JOSE vs. MADYUN, ASMAR H ET AL**
Motion No.  001

Page 6 of 6

6 of 6