| |
|---|
| **Rivera v Buriboev** |
| 2025 NY Slip Op 30940(U) |
| March 21, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 450208/2024 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JAMES G. CLYNES**                    PART          **22**

*Justice*

-----------------------------------------------------------------------X

GLADYS RIVERA,

|  |  |
|---|---|
| **INDEX NO.** | 450208/2024 |
| **MOTION DATE** | 04/11/2024 |
| **MOTION SEQ. NO.** | 001 |

Plaintiff,

- v -

MUKHRIDDIN BURIBOEV, LUX CREDIT CONSULTING
LLC

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for          JUDGMENT - SUMMARY          .

Upon the foregoing documents, the motion by Defendants LUX CREDIT CONSULTANTS, LLC AND MUKHRIDDIN BURIBOEV for summary judgment on the grounds that Plaintiff has not suffered a "serious injury" under Insurance Law 5102 (d), and dismissing Plaintiff's complaint as against Defendant LUX CREDIT CONSULTANTS, LLC on the ground that Plaintiff's claims against it are barred by the application of the Graves Amendment, 49 USC 30106, is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a motor vehicle accident between the Plaintiff and the Defendants that occurred on September 1, 2020 (NYSCEF Doc No. 14, summons and complaint).

## I.  GRAVES AMENDMENT

Plaintiff is not opposing the branch of the motions as to defendant LUX CREDIT CONSULTING, LLC's to be exempt under 49 USC 30106 (the Graves Amendment). Therefore, summary judgment is granted without opposition with respect to Defendant LUX CREDIT

450208/2024  RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL                    Page 1 of 9
Motion No. 001

1 of 9

[* 1]

CONSULTANTS LLC's motion to dismiss the Plaintiff's complaint as against said defendant in accordance with 49 USC 30106. Accordingly, this action must be dismissed as against LUX CREDIT CONSULTANTS LLC.

## II.  SERIOUS INJURY / CAUSATION

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v New York University Medical Center*, 64 NY2d 851, 853 [1985]). Once this showing has been made, the burden shifts to the non-moving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution (*Licari v Elliott*, 57 NY2d 230 [1982]). Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad* at 853). In reviewing the motion, the court "must view the evidence in the light most favorable to the nonmoving party, including drawing all reasonable inferences in favor of the nonmoving party" (*Vega v Metropolitan Transp. Auth.*, 212 AD3d 587, 588 [1st Dept 2023]).

In order to satisfy the burden under Insurance Law 5102 (d), a plaintiff must meet the "serious injury" threshold (*Toure v Avis Rent a Car Sys.*, 98 NY2d 345, 352 [2002] [finding that in order establish a prima facie case that a plaintiff in a negligence action arising from a motor vehicle accident did sustain a serious injury, plaintiff must establish the existence of either a "permanent consequential limitation of use of a body organ or member [or a] significant limitation of use of a body function or system"]). The movant bears the initial burden to establish that the plaintiff has not sustained a serious injury (*Bray v Rosas*, 29 AD3d 422 [1st Dept 2006] *citing Rodriguez v Goldstein*, 182 AD2d 396 [1st Dept 1992]). Such evidence includes affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical

450208/2024  RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL
Motion No.  001

Page 2 of 9

2 of 9

findings support the plaintiff's claim" (*Spencer v Golden Eagle, Inc.*, 82 AD3d 589, 590 [1st Dept 2011] [internal quotation marks and citations omitted]). Finally, "[o]nce the defendant meets [their] initial burden, the plaintiff must then demonstrate a triable issue of fact as to whether … [they] sustained a serious injury" (*Spencer*, 82 AD3d at 590).

Plaintiff's Bill of Particulars alleges injuries to: LUMBAR SPINE - Marked disc space narrowing at L4-5 with edematous changes in adjacent vertebral bodies - Central herniation disc with superior migration of disc material indenting ventral thecal sac at this level - L5-Sl disc bulge with posterior annular fissure - Lower and upper back pain and stiffness - Sprain/Strain - Numbness/tingling in right lower extremity - Pain radiating into the right leg – Lumbar Epidural Steroid Injection ( 80 mg of Methylprednisolone followed by 2 cc of 0.504 Marcaine solution was injected into the epidural space to the right of midline at the L4-L5 level). CERVICAL SPINE - Shallow central C5-6 disc herniation and disc bulging C3-4 and C6-7 - Joint tenderness and trapezius trigger points - Sprain/Strain - Stiffness and pain - Weakness in right upper extremity – Limited Range of motion. RIGHT SHOULDER - Evidence of adhesive capsulitis within the rotator cuff interval versus anterior superior impingement - Supraspinatus and subscapularis, and infraspinatus tendinosis - Subacromial subdeltoid bursitis. RIGHT HIP: Abductor insertional peri tendinitis - Hamstrings origin tendinosis. In addition, Plaintiff is alleging, shortness of breath and headaches (NYSCEF Doc No. 23).

Plaintiff claims that she has sustained a serious injury as defined by Section 5102 of the Insurance Law, in that the plaintiff has sustained a fracture; and/or significant disfigurement, and/or permanent loss of use of a body organ, member, function or system, and/or significant limitation of use of a body function or system, and/or permanent consequential limitation of use of a body organ or member, and/or medically determined injury or impairment which prevents

**450208/2024 RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL** **Page 3 of 9**
Motion No. 001

3 of 9

[* 3]

said person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety (90) days during the one hundred eighty (180) days immediately following the accident (NYSCEF Doc. No 23).

However, in opposition to the motion, plaintiff only addresses the last category and serious injuries mainly to her lower back, and to a lesser extent as to her cervical spine, right shoulder and right hip (NYSCEF Dc. No. 42). Specifically, plaintiff in her own affirmation refutes her claim as to the right shoulder and neck serious injury by stating that her shoulder pain almost disappeared, and her neck pain subsided (NYSCEF Doc No. 44). Therefore, summary judgment is granted dismissing the first categories alleged, *i.e.*, significant disfigurement and permanent loss (*see Sancino v Metropolitan Transp. Auth.*, 184 AD3d 534, 535 [1st Dept 2020]). Additionally, summary judgment is granted as to serious injuries claimed for the neck and the right shoulder.

In addressing the remaining categories of injury, Defendants support their motion with the affirmed independent examination report of Dr. Jerry A. Lubliner, a board-certified orthopedic surgeon that is dated December 13, 2022. Dr. Lubliner measured Plaintiff's range of motion using a goniometer and a tame measurer. The cervical spine, and both shoulders had normal range of motion. Dr. Lubliner found equal external rotational strength of both her shoulders, and negative Neer, Hawkins' and O'Brien's tests; intact sensation and DTR's are 2+ of the upper extremities. In regard to the lower back, Dr. Lubliner noted pain on lateral flexion and lateral rotation left more than right, however found normal range of motion of the lumbosacral spine. Straight-leg raising test and sitting root test were negative; there was no evidence of erythema, ecchymosis, swelling or spasms. Dr. Lubliner found normal range of motion of the right hip. Dr. Lubliner reviewed the medical records of the prior accident that occurred on September 23, 2016, and the accident of September 1, 2020. Upon, review of such records, Dr. Lubliner found that Plaintiff had previous

450208/2024  RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL
Motion No. 001

Page 4 of 9

4 of 9

injuries to her neck, back and right shoulder. When comparing the MRI reports taken before and after the incident of September 1, 2020, Dr. Lubliner found no evidence of acute intraarticular changes to the right shoulder and neck. The doctor noted progression of a bulge at C5-5 that became a herniation, but he found no evidence of neural compression on the MRI taken after the incident of September 1, 2020. At the conclusion of the examination, Dr. Lubliner found that the contusion to the neck, back, right shoulder and right buttock, has been resolved, and in regard to the lower back there was no evidence of radiculopathy and no traumatic discal pathology.

In opposition, Plaintiff submits her own affirmation describing the September 1, 2020 accident, the claimed injuries, and the resulting medical treatments (NYSCEF Doc No. 44). Plaintiff avers that immediately after the accident, she was transported by an ambulance to Mt. Sinai/St. Luke's Hospital and that the following day, after the accident, she went to her primary care doctor, Yohanna Olivo Mercedes, for treatment related to the accident. Plaintiff followed with physical therapy for at least two months, then resumed at around May 2021. Plaintiff saw chiropractor Dr. James McGee on September 17, 2020 for chiropractic treatment for about two months. Plaintiff also sought medical treatment from D. David Shein, an orthopedic surgeon, on October 29, 2020. Dr. Shein's office has prescribed pain medication, including Meloxicam, Gabapentin, Cyclobenzaprine, and a Medrol pack. He also prescribed an epidural shot, administered on March 22, 2021 by Dr. Tubman on the right side at the L4-5 level, which helped take away leg pain, but Plaintiff contends that the pain returned after about a week. A couple of months later Plaintiff received another injection, a facet block, which the plaintiff claims that provided her no relief. Dr. Shein advised Plaintiff to undergo lower spinal fusion surgery, and although plaintiff sought a second opinion from Dr. Andrew Cordiale, an orthopedic surgeon, who confirmed and advised Plaintiff to get surgery, she did not undergo surgery because she was scared.

450208/2024   RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL                 Page 5 of 9
Motion No. 001

5 of 9

Plaintiff avers that she was out of work for 2 weeks, and then went back to work remotely. However, Plaintiff states that in October of 2021, when all employees were notified to return to work in person, Plaintiff took a year leave of absence. Plaintiff was able to go back to work in late October 2022 – however, she claims that she has never been able to go back to field work.

Plaintiff indicates that she was involved in a motor vehicle accident in 2016, where she suffered a knee injury that required surgery and other injuries, including back pain. Plaintiff states that the lower back pain from the 2016 incident disappeared over a year before this accident.

Plaintiff thus asserts that currently she is always in pain, has difficulty with walking, standing, sitting, bending twisting, sleeping, lying in bed, carrying or moving heavy objects, walking up and down stairs, performing household chores, and traveling on public transportation. Plaintiff also claims that she cannot work out, hike or bike anymore, and she cannot drive long distances. She contends that "although my shoulder pain almost disappeared, and my neck pain subsided, my back pain is constant and severe".

Further, Plaintiff proffers an affirmation of her own orthopedic surgeon, Dr. David Shein, who states that he first evaluated Plaintiff by a Telehealth vision on October 29, 2020 and ultimately saw Plaintiff approximately 12 times from 2020 to 2024, in relation to the injuries she alleges she sustained as a result of this accident (NYSCEF Doc No. 51). Dr. Shein prescribed methylprednisolone and noted that chiropractic treatments sometimes helped, and sometimes caused more pain. Upon review of Plaintiff's lumbar MRI, Dr. Shein referred Plaintiff for an epidural injection and prescribed additional pain medication, tramadol and methocarbamol. An EMG was performed on December 13, 2021, which showed L5/SI radiculopathy. Dr. Shein states that the epidural injection was administered on March 22, 2021 by Dr. Tubman. Dr. Shein affirms that the injection helped take away the pain in her leg, but Plaintiff still had axial back pain that

450208/2024   RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL
Motion No. 001

Page 6 of 9

[* 6]

6 of 9

incapacitated her when she sat, stood, and did simple household chores. Dr. Shein states that although surgery was discussed, Plaintiff preferred physical therapy instead. On June 22, 2021, Dr. Shein noted that Dr. Tubman had performed a facet block on the right side of L4-L5, without relief.

On January 26, 2024, Dr. Shein saw Plaintiff and upon review of the records relating to her treatment, it was noted that Plaintiff had a prior accident in 2016, where her main injury involved her left knee which required surgery. Dr. Shein noted that Plaintiff also had an MRI showing pathology at L4-L5 and L5-S1. Dr. Shein states, however, by the time she had the September 1, 2020 accident, Plaintiff was asymptomatic. She had a negative EMG after the 2016 accident; after the 2020 accident, she had EMGs showing radiculopathy at L4-5 and S1. Dr. Shein concluded that Plaintiff's back pain was due to the 2020 accident, and that if the prior lumbar injury had anything to do with her current condition, it was a latent/dormant condition triggered by the 2020 accident. Dr. Shein performed Lesegue tests which were bilaterally strongly positive. As per Dr. Shein, both are objective tests that confirm the lower back pathology and nerve involvement; decreased sensation in the legs over the L5 dermatomal distribution likewise confirmed the lower back injury.

Dr. Shein saw Plaintiff again on February 7, 2024, and recommended a posterior interbody fusion at L4/L5 and L5/Sl, and that she obtain testing in preparation for surgery. She had another lumbar MRI performed on April 5, 2024, which showed further significant post-traumatic degenerative changes, namely desiccation and spinal stenosis at L4-5, and desiccation at L5-S1. In conclusion, Dr. Shein's diagnosis is; Lumbar sprain/myositis; Disc herniations at L4-L5 with post-traumatic degenerative changes; Disc bulge at L5-S1 with post-traumatic degenerative changes; Lumbar radiculopathy at L4-L5 and L5-S1. Dr. Shein finds that Plaintiff's functional limitations are due to the accident she suffered on September 1, 2020.

450208/2024   RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL                    Page 7 of 9
Motion No. 001

7 of 9

Where, as here, a nonmovant's expert opinion sufficiently addresses the conflicting opinion of moving parties' expert, summary judgment on the issue of serious injury must be denied (*Portillo v Island Master Locksmith, Inc.*, 160 AD3d 463, 463 [1st Dept 2018]). Furthermore, although it is undisputed that Plaintiff was involved in a prior motor vehicle accident, her expert also sufficiently raised a question of fact as to whether her injuries were caused or aggravated by the later accident (*id.*; *see Osorio v Punjab Enter. Inc.*, 215 AD3d 494, 494 [1st Dept 2023]).

Accordingly, it is

ORDERED that the portion of the defendants' motion seeking dismissal of the complaint on the ground that no triable issues of fact exist with respect to Insurance Law 5102 (d) is **granted** to the extent of dismissing plaintiff's claim of serious injury under the category of significant disfigurement, and permanent loss of use; and it is further

ORDERED that the portion of the defendant's motion seeking dismissal of the complaint on the ground that no triable issues of fact exist with respect to Insurance Law 5102 (d) is **granted** to the extent of dismissing plaintiff's serious injury claims under the categories of significant limitation of use and permanent consequential limitation of use of the neck and right shoulder, and **denied** as to the plaintiff's claim of serious injury under the significant limitation of use and permanent consequential limitation of use of the lower back and the 90/180 day categories of Insurance Law 5102 (d); and it is further

ORDERED that the portion of the defendants' motion seeking that the complaint be dismissed as to defendant Lux Credit Consultants LLC is herein **granted** without opposition, and the complaint is dismissed in its entirety as against said defendant, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the action is severed and continued against the remaining defendant; and

450208/2024  RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL
Motion No. 001

Page 8 of 9

8 of 9

[* 8]

it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that within 30 days of the date of this Decision and Order, counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in *the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website).*

This constitutes the Decision and Order of the Court.

| 3/21/2025 | | | | |
|---|---|---|---|---|
| DATE | | | JAMES G. CLYNES, J.S.C. | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

450208/2024   RIVERA, GLADYS vs. BURIBOEV, MUKHRIDDIN ET AL
Motion No. 001

Page 9 of 9

9 of 9