Vasquez v Coastal Charter Serv. Corp. (2025 NY Slip Op 04270)

Vasquez v Coastal Charter Serv. Corp.

2025 NY Slip Op 04270

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-10901
 (Index No. 715723/21)

[*1]Diego Vasquez, respondent, 
v
Coastal Charter Service Corp., et al., appellants.

Lester Schwab Katz & Dwyer, LLP, New York, NY (Daniel S. Kotler of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Karina E. Alomar, J.), dated August 14, 2023. The order granted the plaintiff's motion for summary judgment on the issue of liability, and denied the defendants' cross-motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, the defendants' cross-motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is granted, and the plaintiff's motion for summary judgment on the issue of liability is denied as academic.
In July 2021, the plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The plaintiff thereafter moved for summary judgment on the issue of liability. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated August 14, 2023, the Supreme Court granted the plaintiff's motion and denied the defendants' cross-motion. The defendants appeal.
Preliminarily, contrary to the Supreme Court's determination, biomechanical experts are qualified to render opinions on causation (see Osorio v Punjab Enter. Inc., 215 AD3d 494, 494; Holmes v Brini Tr. Inc., 123 AD3d 628, 628; see generally Plate v Palisade Film Delivery Corp., 39 AD3d 835, 837). Here, an affidavit of Andrew J. Rentschler, the defendants' biomechanical expert, demonstrated that, based on his skill, training, education, and experience as a biomechanical engineer, he was qualified to render an opinion as to whether the accident could have generated enough force to cause the plaintiff's injuries, and sufficiently laid a foundation for his opinions on causation.
The Supreme Court should have granted the defendants' cross-motion for summary judgment dismissing the complaint. The defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a [*2]result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 355; Gaddy v Eyler, 79 NY2d 955, 956-957). In support of their cross-motion, the defendants submitted, inter alia, Rentschler's affidavit, in which Rentschler opined that the accident did not generate sufficient force to cause the alleged injuries to the plaintiff's left shoulder and the cervical and lumbar regions of his spine. Accordingly, the defendants established, prima facie, that the injuries allegedly sustained by the plaintiff were not caused by the accident (see Ramos v Jahar, 233 AD3d 999, 1000; Windisch v Fasano, 105 AD3d 1039, 1039; Jilani v Palmer, 83 AD3d 786, 787). In opposition, the plaintiff failed to rebut Rentschler's conclusions or otherwise raise a triable issue of fact (see Ramos v Jahar, 233 AD3d at 1000).
Accordingly, the Supreme Court should have granted the defendants' cross-motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident, and denied the plaintiff's motion for summary judgment on the issue of liability as academic.
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court